UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | No. 2:20-cv-02128-TLN-CKD |
| Plaintiff, | |
| v. | ORDER |
| JOHN DOE subscriber assigned IP address 107.205.185.83, | |
| Defendant. | |

This case is one of several nearly identical matters wherein plaintiff alleges that an as-yet-unidentified defendant is infringing on plaintiff's copyrights by anonymously downloading and distributing plaintiff's adult films.  (ECF No. 1.)  To obtain defendant's identity, plaintiff filed an ex parte application to subpoena defendant's internet service provider, which the court granted subject to certain limitations and conditions.  (ECF No. 7.)

Between December 16, 2020 and December 17, 2020, the court granted plaintiff's ex parte application in thirteen of these matters.  (See Strike 3 Holdings, LLC v. John Doe, 2:20-cv-01989-TLN-CKD; Strike 3 Holdings, LLC v. John Doe, 2:20-cv-02125-TLN-CKD; Strike 3 Holdings, LLC v. John Doe, 2:20-cv-02126-TLN-CKD; Strike 3 Holdings, LLC v. John Doe, 2:20-cv-02127-TLN-CKD; Strike 3 Holdings, LLC v. John Doe, 2:20-cv-02128-TLN-CKD; Strike 3 Holdings, LLC v. John Doe, 2:20-cv-02129-TLN-CKD; Strike 3 Holdings, LLC v. John Doe, 2:20-cv-02133-TLN-CKD; Strike 3 Holdings, LLC v. John Doe, 2:20-cv-02134-TLN-CKD;

Strike 3 Holdings, LLC v. John Doe, 2:20-cv-02135-TLN-CKD; Strike 3 Holdings, LLC v. John Doe, 2:20-cv-02144-TLN-CKD; Strike 3 Holdings, LLC v. John Doe, 2:20-cv-02145-TLN-CKD; Strike 3 Holdings, LLC v. John Doe, 2:20-cv-02146-TLN-CKD; Strike 3 Holdings, LLC v. John Doe, 2:20-cv-02147-TLN-CKD.)  In all thirteen matters, the court ordered, among other things, that (1) no formal service of process shall be permitted absent further order of this court, and (2) no later than 45 days from the date of the order, plaintiff shall file a status report with the court. (ECF No. 7.)

On January 22, 2021, plaintiff filed an ex parte application to extend the time within which to effectuate service on defendant.  (ECF No. 8.)  Under Federal Rule of Civil Procedure 4(m), if a defendant is not served within 90 days after the complaint is filed, then the court must either dismiss the action without prejudice or, for good cause, order that service be made within a specified time.  Fed. R. Civ. P. 4(m).  Plaintiff contends that it is unable to comply with Rule 4(m)'s service deadline, given the timeline in which it received responses to its third-party subpoena.  Thus, plaintiff asks the court to extend the service deadline under Rule 4(m) by an additional 30 days, so that the deadline to effect service be extended to February 22, 2021.  Id. ¶ 7.

Having considered plaintiff's arguments and the circumstances of the case, the court finds good cause to grant plaintiff's request.

Accordingly, IT IS ORDERED that:

1. Plaintiff's ex parte application for extension of time within which to effectuate service on defendant (ECF No. 8) is GRANTED.  The deadline to effectuate service under Rule 4(m) is hereby extended to February 22, 2021.

2. None of the limitations, conditions, or obligations set forth in the court's order granting plaintiff's ex parte application to serve third party subpoena (ECF No. 7) are obviated or modified by the extension of time granted herein.  Plaintiff's failure to comply with the terms of the order granting plaintiff's ex parte application to serve third party subpoena (ECF No. 7) may result in the imposition of sanctions against plaintiff or plaintiff's counsel, as authorized by statute, rule, or

the inherent power of the court.

Dated: January 26, 2021

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

17.1989.extension